IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYSON and MELINDA SU SHELL, | ) | Docket        Page |
| Personal Representatives of the Estate | ) | |
| of TYSON SHELL, Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT, JURY DEMAND AND** |
| | ) | **DESIGNATION OF PLACE OF TRIAL** |
| DEBRA L. SUDAN., M.D., AMY | ) | |
| DUHACHEK-STAPELMAN, M.D., | ) | |
| SASHA SHILLCUTT, M.D., | ) | |
| NEBRASKA MEDICAL CENTER, | ) | |
| and DOES 1 - 5, | ) | |
| | ) | |
| Defendants. | ) | |

Tyson and Melinda Su Shell, Plaintiffs in the above-captioned matter, by and through their

counsel of record, for their cause of action against Defendant, states, alleges and avers:

1.

Tyson and Melinda Su Shell ("SHELLS") are residents of Antelope, California.

2.

Defendants Debra Sudan, M.D., Amy Duhachek-Stapelman, M.D. and Sasha Shillcutt,

M.D., are, and at all times herein mentioned were, licensed physicians in the State of Nebraska who

held themselves out to be duly licensed as such and to have the skills, ability, expertise, and learning

of similar medical practitioners.  Defendant Nebraska Medical Center ("NMC") is a hospital located

in Omaha, Douglas County, Nebraska.  DOES 1 -5 were at all relevant times residents of Omaha,

Douglas County, Nebraska and were employees and agents of NMC (resident physicians and nursing

staff), acting in the course and scope of their employment at all times set forth herein.

3.

There is complete diversity between Plaintiff and Defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. §1332.  The events of this case occurred in Omaha, Douglas County, Nebraska; as such, venue and jurisdiction are proper in this Court.

4.

SHELLS entered into a physician-patient relationship with SUDAN and NMC on or before August 23, 2006, wherein SUDAN acted as the surgeon for Hayden Shell, SHELLS' minor son, and NMC acted as the hospital providing medical care for Hayden through its physicians, resident physicians and nursing and other staff, including DOES 1 - 5.  SHELLS consulted with SUDAN concerning Hayden's physical condition, with specific reference to plans for surgical ostomy takedown and possible Bianchi bowel-lengthening.  SUDAN evaluated Hayden, prepared a treatment plan and, pursuant to that plan, performed the above-described procedure on Hayden on August 24, 2006; SUDAN was also responsible for Hayden's post-operative care.

5.

SHELLS entered into a physician-patient relationship with DUHACHEK-STAPELMAN and SHILLCUTT on or before August 23, 2006, wherein DUHACHEK-STAPELMAN acted as the anesthesiologist for Hayden.  Within the time period beginning August 23, 2006, SHELLS consulted with DUHACHEK-STAPELMAN concerning Hayden's physical condition with respect to his anesthesia needs during the ostomy takedown procedure.  DUHACHEK-STAPELMAN and SHILLCUTT responded by performing a pre-anesthesia evaluation on Hayden and by prescribing and administering anesthesia to Hayden during his August 24, 2006 surgery.

2

6.

Defendants failed in their pre-operative assessments of Hayden to recognize Hayden's low blood sugar, weak liver and risk of hypoglycemic reactions to a prolonged surgical procedure. Thereafter, during the August 24, 2006 procedure, Defendants failed to properly monitor Hayden's blood glucose and failed to properly support Hayden with dextrose.

7.

Following the procedure, Hayden became severely hypoglycemic, leading to a marked elevation in his liver enzymes.  Defendants, and each of them, failed to timely recognize, diagnose and treat the signs and symptoms of this process.  Hayden sustained a severe global brain injury, which catastrophically disabled him and left him irretrievably in a near-vegetative state until his death on December 31, 2006.

8.

SHELLS had consulted with Defendants for the purpose of obtaining examination including an adequate history, testing, screening, diagnosis, referral, recommending consultation, treatment and case management for Hayden's physical condition and for Hayden's health and well being. SHELLS employed Defendants to care for and treat their son and to do all things reasonably necessary for Hayden's care and treatment.  Defendants, and each of them, undertook such employment and agreed to care for and treat Hayden and to do all things reasonably necessary in connection  therewith, to include properly supervising resident physicians and nursing staff.

9.

Defendant SUDAN negligently acted or omitted to act in taking an adequate and appropriate history during the time periods relevant herein; in evaluating; in examining; in testing; in medical

screening; in diagnosing; in referring; in recommending consultation; in treating; in monitoring; and in case management for Hayden's condition.  SUDAN failed to properly communicate with other healthcare providers; failed to properly supervise resident physicians and nursing staff involved with Hayden's care; and failed to fully inform SHELLS of Hayden's preoperative condition (and the risks accompanying that condition), his treatment alternatives, the risks of failing to proceed with such treatment alternatives, and the risk of proceeding with the treatment recommended by SUDAN.

10.

Defendants SHILLCUTT and DUHACHEK-STAPELMAN negligently acted or omitted to act in taking an adequate and appropriate history during the time periods relevant herein; in evaluating; in examining; in testing; in medical screening; in diagnosing; in referring; in recommending consultation; in treating; in monitoring; and in case management for Hayden's condition.   Defendants SHILLCUTT and DUHACHEK-STAPELMAN failed to properly communicate with other healthcare providers; failed to properly supervise nursing staff involved with Hayden's care; and failed to fully inform SHELLS of Hayden's preoperative condition (and the risks accompanying that condition), his treatment alternatives, the risks of failing to proceed with such treatment alternatives, and the risk of proceeding with the treatment recommended by Defendants. Resident physicians, including those among DOES 1 - 5, were not properly trained and supervised.

11.

Defendant NMC negligently acted or omitted to act by the conduct of its resident physicians and nursing staff in taking an adequate and appropriate history during the time periods relevant herein; in evaluating; in examining; in testing; in medical screening; in diagnosing; in referring; in recommending consultation; in treating; in monitoring; and in case management for Hayden's

4

condition.  NMC, to include its resident physicians and nursing staff (including DOES 1 - 5), failed to properly communicate with other healthcare providers; failed to properly supervise nursing staff involved with Hayden's care; and failed to fully inform SHELLS of Hayden's preoperative condition (and the risks accompanying that condition), his treatment alternatives, the risks of failing to proceed with such treatment alternatives, and the risk of proceeding with the treatment recommended by Defendants.  Resident physicians, including those among DOES 1 - 5, were not properly trained and supervised.

12.

Defendants, and each of them, failed to follow a reasonable standard of care in the medical treatment which they provided for Hayden during the period of time relevant herein. and failed to follow a reasonable standard of care in their evaluation and treatment of Hayden.

13.

As a direct and proximate result of the negligent acts and omissions of Defendants, SHELLS has suffered damages as follows:

    a.    Hayden descended into a vegetative state with an overall, systemic failure that resulted in his death.  Between August 23, 2006 and December 19, 2006, Hayden experienced conscious pain and suffering.

    b.    SHELLS suffered and will continue to suffer economic and pecuniary loss as a result of medical, hospital and other expenses of Hayden's post-operative complications;

    a.    SHELLS suffered other general and compensatory damages.

14.

On December 13, 2007, Plaintiff submitted a claim to the State Claims Board pursuant to the Nebraska State Tort Claims Act. Plaintiffs submitted an amended claim to the State Claims Board on December 27, 2007. The State Claims Board denied Plaintiffs' claim on March 14, 2008.

15.

The next of kin of Plaintiffs' decedent are:

    a.    His father, Tyson Shell, age 25

    b.    His mother, Melinda Su Shell, age 25

16.

As a direct and proximate result of the negligent acts and omissions of defendants, Plaintiffs on their own behalf have suffered damages as follows:

    a.    Plaintiffs have suffered and will continue to suffer grievous loss of care, comfort, society, consortium, protection, companionship and relationship;

    b.    Plaintiffs have suffered and will continue to suffer grievous loss of support and services, loss of enjoyment of life, pain and suffering, grief, and emotional injuries;

    c.    Plaintiffs have suffered and will continue to suffer economic and pecuniary loss, including medical, hospital and other expenses of last illness, and funeral expenses in an amount to be proven at the time of trial but in excess of $75,000.00;

    d.    Plaintiffs have suffered and will suffer other general and compensatory damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

6

1.      For compensatory damages in an amount exceeding $75,000, in an amount to be

        proven at trial;

2.      For post-judgment interest at the maximum legal rate;

3.      For costs of suit incurred herein;

4.      For such other and further relief as the Court deems just and proper.

        **JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL**

Plaintiffs request that this matter be tried to a jury in Omaha, Nebraska.


                        TYSON and MELINDA SU SHELL, Plaintiffs,


                        By:____/s/ Maren Lynn Chaloupka_____
                               Maren Lynn Chaloupka – NSBA # 20864
                               Robert Paul Chaloupka – NSBA # 10653
                        Chaloupka Holyoke Hofmeister Snyder & Chaloupka
                        1714 2nd Avenue
                        P.O. Box 2424
                        Scottsbluff, Nebraska 69363-2424
                        (308) 635-5000
                        mlc@chhsclaw.net

                               AND

                               Eric Ratinoff – California State Bar #166204
                        Kershaw Cutter & Ratinoff
                        401 Watt Avenue
                        Sacramento, California 95864
                        (916) 448-9800
                        eratinoff@kcrlegal.com