## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TYSON** and **MELINDA SU SHELL,** Personal Representatives of the Estate of **HAYDEN SHELL**, Deceased**,** | ) ) ) ) | Case No. 8:08-cv-260 |
| Plaintiff, | ) ) | **PLAINTIFF'S MOTION TO COMPEL** |
| v. | ) ) | **DISCOVERY AND FOR REASONABLE ATTORNEY'S FEES** |
| **DEBRA L. SUDAN., M.D., AMY DUHACHEK-STAPELMAN, M.D., SASHA SHILLCUTT, M.D., NEBRASKA MEDICAL CENTER**, and **DOES 1 - 5,** | ) ) ) ) ) ) | |
| Defendants. | ) | |

Tyson and Melinda Shell, Plaintiffs in the above-captioned matter, by and through their counsel of record, move this Court for an Order compelling Defendants and their representatives to answer questions in depositions (to which their counsel instructed them not to answer) and for an award of reasonable attorney's fees and costs associated with the litigation of this Motion, in the following particulars:

1.

On December 1, 2009, the undersigned took the discovery depositions of Defendant DUHACHEK-STAPELMAN and Stephen Smith, M.D., the Chief Medical Officer of NEBRASKA MEDICAL CENTER. [Depositions of Defendant SHILLCUTT and Defendant SUDAN were scheduled and noticed, but have now been postponed pending disposition of this Motion due to the undersigned's concern that the issues raised by this Motion would repeat themselves, and necessitate more Motions, in those depositions.]

2.

At the outset of the deposition of Defendant DUHACHEK-STAPELMAN, defense counsel stipulated, among themselves, to the following:

> Come now the defendants and each of them admit that there was a breach of the standard of care concerning their care and treatment of Hayden Shell with respect to the surgery of August 23, 2006, but continue to deny the nature, extent and proximate cause of any damages, injuries and/or the death of Hayden Shell.

The undersigned was not a party to this stipulation. She had had notice of Defendants' intent to enter into this stipulation for less than one week, with the Thanksgiving holiday intervening.

### 3.

Based on that stipulation, counsel for DUHACHEK-STAPELMAN instructed his client to not answer questions asked by the undersigned, citing a relevance objection. (*Duhachek-Stapelman depo.* 173:07, 223:06.)  No privilege was asserted, and counsel for DUHACHEK-STAPELMAN neither suspended the deposition nor has since moved for a protective order.  Comments by the other defense counsel present indicate that it is the opinion of all defense counsel that they may instruct witnesses not to answer questions in a case pending in United States District Court based on a relevance objection.

### 4.

Similarly, during the deposition of Dr. Smith, counsel for NMC instructed the deponent not to answer based on NMC's objection that the question was argumentative.  (*Smith depo.* 144:03.)  No privilege was asserted, and counsel for NMC neither suspended the deposition nor has since moved for a protective order.

### 5.

The defense violated Rule 30(d)(1) of the Federal Rules of Civil Procedure by instructing witnesses to not answer questions based on objections other than privilege and by not suspending

the deposition and promptly moving for a protective order.

6.

During the deposition of Dr. Smith, counsel for NMC instructed the deponent to not answer questions asked by the undersigned based on peer review privilege.  (***Smith depo.*** 51:09, 115:07, 123:14, 124:23, 126:04, 151:03.)  Counsel for NMC did not suspend the deposition and has not moved for a protective order.

7.

This conduct, too, violated Rule 30(d)(1) of the Federal Rules of Civil Procedure when NMC failed to "back up" its invocation of privilege and instruction not to answer by suspending the deposition and promptly moving for a protective order.

8.

Beyond that, NMC improperly invoked peer review privilege to prevent answers to questions about a risk management process (failure mode & effect analysis) that, by Dr. Smith's own testimony, predated Hayden Shell's injuries and is not the same as peer review/root cause analysis.  (***Smith depo.*** 51:09, 123:14, 124:23, 126:04.)  Moreover, Dr. Smith testified that he had, voluntarily, orally disclosed the complete findings of the peer review (a/k/a root cause analysis) proceeding to Tyson and Melinda Shell; he also expressed during his deposition what those findings were.  (***Smith depo.*** 151:03, 115:07.)  As such, NMC has waived peer review privilege, and follow-up inquiries relating to the proceedings and findings of the peer review/root cause analysis committee should be answered.

9.

The undersigned has postponed her depositions of Defendants SHILLCUTT and SUDAN pending this Court's disposition of this Motion.  This is because defense counsel appear to agree that

instructing witnesses not to answer questions based on relevance objections, which apparently is an acceptable tactic in Douglas County District Court, is also acceptable in United States District Court. To avoid the need for repeating more depositions than "just" those of DUHACHEK-STAPELMAN and Stephen Smith (particularly because all counsel would need to travel to North Carolina to depose SUDAN), the undersigned postponed further depositions until this Court provides some guidance on these issues. *See Kilpatrick v. King*, United States District Court Case No. 7:03-CV5017 (D. Neb. April 21, 2005) at pp. 6 - 10.

For these reasons, Plaintiffs respectfully ask this Court to:

a)     SUSTAIN Plaintiffs' Motion to Compel;

b)     order Defendants to pay a reasonable attorney's fee associated with the briefing and litigation of this Motion; and

c)     order Defendants to produce Amy Duhachek-Stapelman, M.D., and Stephen B. Smith, M.D., at Defendants' expense, to answer the questions such witnesses either refused to answer or were instructed not to answer, along with reasonable follow-up questions.

**TYSON** and **MELINDA SU SHELL**, Plaintiffs,


By:     /s/ Maren Lynn Chaloupka
              Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Holyoke Hofmeister Snyder & Chaloupka
1714 2nd Avenue
P.O. Box 2424
Scottsbluff, Nebraska 69363-2424
(308) 635-5000
mlc@chhsclaw.net

AND

Eric Ratinoff – California State Bar #166204
Kershaw Cutter & Ratinoff
401 Watt Avenue
Sacramento, California 95864
(916) 448-9800
eratinoff@kcrlegal.com

### CERTIFICATION OF GOOD-FAITH ATTEMPT TO RESOLVE

The undersigned certifies that counsel for Plaintiffs made a good-faith attempts to resolve this dispute via face-to-face discussion with counsel during the depositions of Amy Duhachek-Stapelman and Stephen Smith on December 1, 2009.  The discussion is set forth in the deposition transcripts as follows:

| Deposition | Pages and lines |
|---|---|
| Duhachek-Stapelman | 123:12-124:17, 173:07-179:19, 223:06-224:08 |
| Smith | 49:04-51:08,  51:09-54:09,  119:03-120:05,  123:14-124:10,   124:23-125:10,   126:04-126:12,   126:13-127:23,  144:03-147:06,  147:16-149:03,  151:03  -152:08 |

/s/ Maren Lynn Chaloupka
_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via CM/ECF filing on the 5th day of January, 2010 to the following:

Brien M. Welch
Cassem, Tierney, Adams, Gotch & Douglas
8805 Indian Hills Drive
Suite 300
Omaha , NE  68114

Joe Daly
SODORO, DALY & SODORO
7000 Spring Street
Omaha, NE  68106

William R. Settles
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE  68114-3743

David D. Ernst
PANSING, HOGAN, ERNST & BACHMAN, LLP
10250 Regency Circle, Suite 300
Omaha, NE  68114

/s/ Maren Lynn Chaloupka