IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYSON SHELL and MELINDA SU SHELL, Personal Representatives of the Estate of Hayden Shell, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 8:08CV260 |
| DEBRA L. SUDAN., M.D., AMY DUHACHEK-STAPELMAN, M.D., SASHA SHILLCUTT, M.D., NEBRASKA MEDICAL CENTER, and DOES 1 - 5, | ) ) ) ) ) | ORDER |
| Defendants. | ) | |

  This matter is before the court on the motions of defendants, Debra L. Sudan (#78), Amy Duhachek-Stapelman (#79), and The Nebraska Medical Center (#80) for leave to file amended answers to the Second Amended Complaint. The plaintiffs object (#82).

  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely given when justice so requires. The court may refuse to grant leave to amend a pleading "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). In any event, "delay alone is insufficient to deny a motion for leave to amend." *Id*. "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Id*.

  In this instance, the defendants wish to amend their answers to admit they were negligent or breached the applicable standard of care in their treatment of Hayden Shell. *See* Filing 79-1 at ¶ 11; Filing 78-1 at ¶ 7; Filing 80-1 at ¶ 6.

  The plaintiffs' objection is based on speculation that the defendants are engaging in "a tactic to avoid explaining what happened before, during and after" the medical procedure at issue. In support of their objection, the plaintiffs filed the complete transcripts of the depositions of Dr. Amy Duhachek-Stapleman and Dr. Stephen Smith, comprising

416 pages of "evidence."  The plaintiffs, however, did not provide any specific citations to the testimony they believe may be relevant.

The proposed amendments would limit the issues at trial, and would not cause any undue delay in this proceeding.  The court finds that the plaintiffs have not shown they will be unfairly prejudiced if the defendants are allowed to amend their pleadings as requested. Allowing the defendants to amend their pleadings will not prevent the plaintiffs from obtaining relevant discovery on any issue remaining in the lawsuit in accordance with Rule 26 of the Federal Rules of Civil Procedure.[1]

**IT IS ORDERED:**

1. The motions of defendants, Debra L. Sudan (#78), Amy Duhachek-Stapelman (#79), and The Nebraska Medical Center (#80) for leave to file amended answers to the Second Amended Complaint are granted.  The plaintiffs' Objection (#82) is overruled.

2. The defendants shall file and serve the amended answers no later than **January 15, 2010.**

DATED January 7, 2010.

              **BY THE COURT:**

              s/ F.A. Gossett
              **United States Magistrate Judge**

---

[1] Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.  A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).